ATTORNEY GENERAL LOVING HAS ASKED ME TO RESPOND TO YOUR RECENT REQUEST FOR AN ATTORNEY GENERAL OPINION IN WHICH YOU ASKED, IN EFFECT:
 IS A PREPAID DENTAL PLAN WHICH REQUIRING A COPAYMENT FROM THE INSURED AN INDEMNITY PLAN AND THUS SUBJECT TO THE LIMITATIONS OF 74 O.S. 1365 (1993)?
BECAUSE YOUR QUESTION MAY BE ANSWERED BY A REVIEW OF APPLICABLE LAW, THIS OFFICE HAS DETERMINED THAT YOUR REQUEST SHOULD BE ANSWERED IN AN INFORMAL LETTER. THE DISCUSSION WHICH FOLLOWS IS NOT AN OFFICIAL OPINION OF THE ATTORNEY GENERAL. RATHER, THE ANALYSIS AND CONCLUSIONS WHICH FOLLOW, WHILE SOLELY MY OWN, HAVE BEEN REACHED AFTER CAREFUL RESEARCH OF THE QUESTION YOU HAVE RAISED.
YOUR QUESTION RELATES TO THE DUTY OF THE EMPLOYEES BENEFITS COUNCIL (THE "COUNCIL) TO OBTAIN VARIOUS TYPES OF INSURANCE, INCLUDING DENTAL INSURANCE, TO BE OFFERED TO STATE EMPLOYEES UNDER THE OKLAHOMA FLEXIBLE BENEFITS PLAN, 74 O.S. 1361 (1993) ET SEQ. 74 O.S. 1365 OF THAT ACT SETS FORTH THE POWERS AND DUTIES OF THE COUNCIL, AND PROVIDES IN PART THAT THE ONLY INDEMNITY POLICY THE COUNCIL MAY OFFER STATE EMPLOYEES IS ONE OFFERED BY THE OKLAHOMA STATE AND EDUCATIONAL EMPLOYEES GROUP INSURANCE BOARD (THE "BOARD").
"(THE COUNCIL MAY) PURCHASE INSURANCE DEEMED NECESSARY FOR PROVIDING BENEFITS UNDER THE PLAN, PROVIDED THAT THE ONLY INDEMNITY PLAN SELECTED BY THE COUNCIL SHALL BE THE INDEMNITY PLAN OFFERED BY THE BOARD." 74 O.S. 1365 (1993).
YOU HAVE ASKED WHETHER A PREPAID PLAN WHICH REQUIRES A CO-PAYMENT WOULD CONSTITUTE AN INDEMNITY PLAN. TITLE 36 O.S. 6141 (1991), CREATED THE OKLAHOMA PREPAID DENTAL PLAN ACT. THEREIN, 36 O.S. 6142 DEFINES A PREPAID DENTAL PLAN AS:
 "(A)NY CONTRACTUAL ARRANGEMENT WHEREBY ANY PREPAID DENTAL PLAN ORGANIZATION UNDERTAKES TO PROVIDE PAYMENT OF DENTAL SERVICE DIRECTLY, OR TO ARRANGE FOR PREPAID DENTAL SERVICES, OR TO PAY OR MAKE REIMBURSEMENT FOR ANY DENTAL SERVICES NOT PROVIDED FOR BY OTHER INSURANCE."
AN INDEMNITY INSURANCE PLAN IS ONE IN WHICH AN INSURED MAY VISIT A HEALTH CARE PROVIDER ALLOWED UNDER THE POLICY. THE INSURED WOULD PAY THE HEALTH CARE PROVIDER DIRECTLY AND BE REIMBURSED BY THE INSURER, IN THIS CASE THE BOARD.
THE PRIMARY RULE OF STATUTORY CONSTRUCTION IS TO ASCERTAIN AND GIVE EFFECT TO THE EXPRESSED LEGISLATIVE INTENT OF A STATUTE IN LIGHT OF ITS GENERAL PURPOSE AND OBJECT. TXO PRODUCTION CORP. V. OKLAHOMA CORPORATION COMMISSION, 829 P.2D 964 (OKLA.1992).
THE EXPRESSED LEGISLATIVE INTENT OF 36 O.S. 1365 IS THAT THE COUNCIL IS AUTHORIZED TO OBTAIN INSURANCE DEEMED NECESSARY FOR THE COUNCIL TO CARRY OUT ITS LEGISLATIVE MANDATE. HOWEVER, THE ONLY INDEMNITY PLAN IT MAY PURCHASE IS ONE FROM THE BOARD, IN WHICH THE INSURED IS REIMBURSED BY THE BOARD FOR THE COST OF SERVICES RENDERED UNDER THE PLAN.
THIS IS DIFFERENT FROM THE PREPAID TYPE PLAN DEFINED BY 36 O.S. 6142, IN WHICH SERVICES ARE PAID FOR DIRECTLY BY THE INSURANCE COMPANY, AND SO WOULD NOT CONSTITUTE AN INDEMNITY PLAN. SECTION 36 O.S. 6142 IS SILENT AS TO CO-PAYMENTS. HOWEVER, AN INSURED WOULD NOT COMMONLY BE REIMBURSED FOR A CO-PAYMENT. THUS, A CO-PAYMENT DOES NOT INDICATE THAT AN INDEMNIFICATION OF THE NATURE OFFERED BY THE BOARD WOULD BE MADE. IN OTHER WORDS, THE REQUIREMENT THAT A CO-PAYMENT BE MADE DOES NOT CONVERT A PREPAID PLAN TO AN INDEMNITY PLAN.
IT IS, THEREFORE THE OPINION OF THE UNDERSIGNED ATTORNEY THAT A PREPAID DENTAL PLAN WHICH REQUIRES A COPAYMENT FROM THE INSURED IS NOT AN INDEMNITY PLAN AND IS NOT SUBJECT TO THE LIMITATIONS OF 74 O.S. 1365 (1993).
(JAMES ROBERT JOHNSON)
1 INDEMNITY IS DEFINED BY THE LEGISLATURE, FOR THE PURPOSE OF CONTRACT LAW, AA "A CONTRACT BY WHICH ONE ENGAGES TO SAVE ANOTHER FROM A LEGAL CONSEQUENCE OF THE CONDUCT OF ONE OF THE PARTIES, OR OF SOME OTHER PER ON. 15 O.S. 421 (1991). THIS DEFINITION IS CLEARLY NOT OF THE SAME NATURE AS THE INDEMNITY INSURANCE PLAN CURRENTLY OFFERED BY THE BOARD OR CONTEMPLATED UNDER 74 O.S. 1365. WORDS IN A STATUTE MUST BE UNDERSTOOD IN THEIR ORDINARY SENSE, EXCEPT WHEN A CONTRARY INTENTION PLAINLY APPEARS OR WHEN OTHERWISE DEFINED BY THE LEGISLATURE. MIDWEST CITY V. HARRIS, 561 P.2D 1357 (OKLA.1977). BECAUSE A CONTRARY INTENTION PLAINLY APPEARS, THE DEFINITION OF "INDEMNITY" IN 15 O.S. 421 CAN BE IGNORED IN THE CONSTRUCTION OF 74 O.S. 1365.